VANESSA HOLTON (CA Bar 111316)
General Counsel
ROBERT G. RETANA (CA Bar 148677)
Deputy General Counsel
DANIELLE A. LEE (CA Bar 223675)
Assistant General Counsel
THE STATE BAR OF CALIFORNIA
OFFICE OF GENERAL COUNSEL
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2517
Fax: (415) 538-2321
Email: danielle.lee@calbar.ca.gov

Attorneys for Creditor
THE STATE BAR OF CALIFORNIA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SALINAS DIVISION

| | |
|---|---|
| In re:<br><br>DANIEL EVERETT,<br><br>Debtor | Chapter 7<br>Case No. 15-bk-52214-MEH<br><br>CREDITOR THE STATE BAR OF CALIFORNIA OPPOSITION TO MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY<br><br>DATE: January 5, 2017<br>TIME: 1:00 p.m.<br>Estimated Time of Hearing: 30 minutes<br>LOCATION: Ctrm. 3020<br>JUDGE: Hon. M. Elaine Hammond |

# OPPOSITION TO MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

THE STATE BAR OF CALIFORNIA ("State Bar") hereby opposes Daniel Everett's motion for Sanctions for violation of the automatic stay on the basis that the time that Mr. Everett is claiming that his license to practice law was suspended for failure to pay any moneys, Mr. Everett was in fact suspended for failure to fulfill his statutorily required Mandatory Continuing Legal Education ("MCLE") requirements. Once the State Bar was notified of the bankruptcy, the State Bar removed all efforts to collect any kind of outstanding moneys against Mr. Everett, including reinstatement fees associated with his MCLE requirements.

More importantly, however, the Chapter 7 petition Mr. Everett filed last year was in violation of a court order from the Western District of Washington prohibiting Mr. Everett from filing any bankruptcy petitions for two years as a result of his abuse of the bankruptcy system. There was, therefore, no proper automatic stay from that petition. The State Bar, therefore, did not and could not have violated the automatic stay because it never went into effect because Mr. Everett was ineligible to be a debtor under the Bankruptcy Code. This Court should, therefore, deny Everett's motion.

I. **ARGUMENT.**

The State Bar denies that the regulation of the practice of law is a "core" proceeding subject to the jurisdiction of the Bankruptcy Court and does not consent to the jurisdiction of this Court to adjudicate matters related to Mr. Everett's license to practice law. Mr. Everett, moreover, was never suspended for failure to pay any fees, but rather, he was suspended for failure to show proof of compliance with his MCLE requirements.

In any event, there was no automatic stay in this matter because Mr. Everett's Chapter 7 Bankruptcy Petition was filed in violation of a Bankruptcy Court Order that prohibited Mr. Everett from filing any bankruptcy petitions for two years. Mr. Everett is in eligible to be a debtor under the Bankruptcy Code as a result of his abuse of the bankruptcy system.

## II. BACKGROUND.

### A. The State Bar of California

The State Bar of California ("State Bar") is a constitutional entity established in the judicial branch of state government. Cal. Const., art. VI, § 9. It was created as an administrative adjunct to assist the California Supreme Court in attorney admission and discipline matters. Cal. Stats. 1927, Ch. 34, Cal. State Bar Act, codified at Cal. Bus. & Prof. Code §§ 6001 *et seq.*; *In re Att'y Disc. Sys.*, 19 Cal. 4th at 611; *Saleeby v. State Bar*, 39 Cal. 3d 547, 557 (1985). Its assistance in these areas has been expressly acknowledged as an integral part of the Supreme Court's judicial function. *Obrien v. Jones*, 23 Cal. 4th 40, 48 (2000); *In Re Rose*, 22 Cal. 4th 430, 446, n. 8 (2000). Although the State Bar conducts its disciplinary proceedings under statutory authority, it is well-established that the California Supreme Court retains inherent power to control all matters related to attorney discipline. *In re Att'y Discipline Sys.,* 19 Cal. 4th at 598-599; *Rosenthal v. Justices of the Supreme Ct. of Cal.,* 910 F.2d 561, 564-565 (9th Cir. 1990); *Hirsh v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 712-13 (9th Cir. 1995).

State Bar attorney disciplinary proceedings are judicial in nature. See *Hirsh,* 67 F.3d at 712. Attorneys subject to such proceedings are afforded constitutionally sufficient procedural due process. *Rosenthal*, 910 F.2d at 564-65. Denial of review has been expressly made a final judicial determination on the merits in the rules adopted by the Supreme Court. *Konigsberg v. State Bar of Cal.*, 353 U.S. 252, 254-58 (1957); *In re Rose*, 22 Cal. 4th at 443-45; Cal. Rules Ct. 9.16(b).

Since 2005, the State Bar's website has contained all such disciplinary information as the State Bar's means of maintaining the official membership records of California attorneys, as required by Business & Professions Code section 6002.1.

### B. California's Mandatory Continuing Legal Education Requirements

California's MCLE program is the result of a process that began in 1989, when Governor Deukmejian signed into law Senate Bill 905 (Davis), the continuing legal education bill. (SB 905 added Section 6070 to the Business and Professions Code required the State Bar to request the California Supreme Court to adopt a rule of court authorizing the State Bar to establish and

administer an MCLE program. On December 7, 1990, the Court adopted Rule 9.31, the MCLE California Rule of Court.

California Rule of Court 9.31 provides a skeletal outline of an MCLE program and authorizes the State Bar Board of Trustees to adopt more detailed rules and regulations. Cal. Rules Court, rule 9.31(b).

A member who has been active throughout a thirty-six-month compliance period must complete twenty-five credit hours of MCLE activities. No more than twelve and a half credit hours may be self-study. Rules of the State Bar, rule 2.72. Rule 2.55[1] allows a member prevented from fulfilling the MCLE requirement for a substantial part of a compliance period because of a physical or mental condition, natural disaster, family emergency, financial hardship, or other good cause may apply for modification of MCLE compliance requirements. The State Bar must approve any modification. Rule 2.55.

A member is found to be in noncompliance of his MCLE requirements if he fails to:

(A) complete the required education during the compliance period or an extension of it;

(B) report compliance or claim exemption from MCLE requirements;

(C) keep a record of MCLE compliance; or

(D) pay fees for noncompliance.

Rule 2.90.

A member who is sent a notice of noncompliance must comply with its terms or be involuntarily enrolled as inactive. Rule 2.91(A). An inactive member is not eligible to practice law. *Id*. A member who fails to comply with a notice of noncompliance is enrolled as inactive and is not eligible to practice law. Rule 2.92. The enrollment is administrative and no hearing is required. *Id*. Enrollment as inactive for MCLE noncompliance terminates when a member submits proof of compliance and pays noncompliance fees. Rule 2.93.

---

[1] Unless otherwise specified, all citation to "Rule" refers to Rules of the State Bar.

### C. Everett's Failure to Comply with His MCLE Requirements

Everett was admitted to practice in 2010. See Request for Judicial Notice in Support of State Bar of California's Opposition to Motion for Sanctions for Violation of the Automatic Stay ("RJN"), Ex. A. In 2014, Everett requested an extension to show proof of completion of his MCLE requirements for the compliance period ending January 31, 2014. See Declaration of Robert McPhail in Support of the State Bar's Opposition to Motion for Damages for Violation of the Automatic Stay, ("McPhail Decl.")¶3, Ex. A.

On April 27, 2015, over a year later, Everett was sent a letter that stated that he had 60 days remaining to complete his MCLE requirements or he would be suspended for failure to complete his MCLE requirements. McPhail Decl., ¶ 3, Ex. A.

On June 17, 2015, Everett was given notice that he had until June 30, 2015, left to comply with his MCLE requirements or he would be suspended for failure to comply with his MCLE requirements. McPhail Decl., ¶¶4-5, Exs. B, C.

Everett did not provide proof of compliance with his MCLE requirements and was suspended as of July 1, 2016, for failure to comply with his MCLE requirements. RJN, Ex. A. Everett notified the State Bar of his Bankruptcy proceeding shortly after he filed this Chapter 7 petition. McPhail Decl., Ex. ¶6. Accordingly, when Mr. Everett was given notice of what he needed to do to end his MCLE suspension, Mr. Everett was not required to provide the standard $200 reinstatement fee. McPhail Decl., ¶7, Ex. D. See also Declaration of Danielle Lee in Support of State Bar of California's Opposition to Motion for Sanctions for Violation of Automatic Stay ("Lee Decl.") at ¶¶5-6. Once Mr. Everett provided the requisite proof of completion of MCLE requirements, he was returned to active status, without paying any fees. RJN, Ex. A; McPhail Decl. ¶7, Ex. D. Mr. Everett was never suspended for any failure to pay any moneys; only for his failure to show proof of completion of his MCLE requirements. RJN, Ex. A. 11 U.S.C. §362(b)(4).

**D. Mr. Everett's Chapter 7 Bankruptcy Petition in this Action Could Not Result in an Automatic Stay because Its Filing Was in Willful Violation of A Previous Bankruptcy Court Order pursuant to Section 109(g)(1).**

On January 21, 2015, the Bankruptcy Court of the Western District of Washington issued an order barring Debtor Everett from filing any bankruptcy cases for two years on account of his abuse of the bankruptcy system. See <u>Order Dismissing Case with Prejudice</u> dated January 21, 2015, *In re Daniel Everett, Debtor*, U.S. Bankr. Ct., West. Dist. Washington, Case No. Case 14-18854-MLB, Doc #30, RJN, Ex. B. Mr. Everett filed the Chapter 7 Bankruptcy Petition in this matter on July 6, 2015, 166 days after the Western District of Washington Bankruptcy Court's order.

Pursuant to section 109(g)(1), a debtor who "willful[ly] fail[s] . . . to abide by orders of the court, or to appear before the court in proper prosecution of the case" and suffers dismissal of his case as a result is ineligible for relief under the Bankruptcy Code for 180 days.[2]

Because section 109(g)(1) prohibits a debtor relief under the Bankruptcy Code, the debtor must have acted "willfully." *Walker v. Stanley*, 231 B.R. 343, 347 (Bnkr. N.D. Cal. 1999).

> A court may construe repeated failure to appear or lack of diligence as willful conduct. Repeated conduct strengthens the inference that the conduct was deliberate. Additionally, the court will infer from a pattern of dismissals and re-filing in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent. Id. (quoting *In re Nelkovski,* 46 B.R. 542, 545 (Bankr. N.D. Ill.1985)).

*Stanley*, 231 B.R. at 348, citing *In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill.1996). In its order prohibiting Mr. Everett from filing any bankruptcy petitions for two years, the court found that "The Debtor has filed six bankruptcy cases since August 2013 in multiple districts. The Debtor has shown a pattern of not properly or timely prosecuting cases, or otherwise fulfilling

---

[2] Title 11, U.S.C. 109(g)(1) provides:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

5
STATE BAR'S OPP. MTN FOR SANCTIONS                                  Case No. 15-bk-52214 - MEH

his obligations under the Bankruptcy Code. The Debtor's actions constitute and abuse of the bankruptcy system." RJN, Ex. A at 1:24-26, 2:1.

In this action, the Court issued an order dated July 6, 2015, which pointed out that Mr. Everett commenced the case without filing the following documents:

Form 6 − Summary of Schedules

Form 6 − Statistical Summary of Certain Liabilities

Form 6 − Declaration Concerning Debtor's Schedules

Schedule A − Real Property

Schedule B − Personal Property

Schedule C − Property Claimed as Exempt

Schedule D − Creditors Holding Secured Claims

Schedule E − Creditors Holding Unsecured Priority Claims

Schedule F − Creditors Holding Unsecured Nonpriority Claims

Schedule G − Executory Contracts and Unexpired Leases (if applicable)

Schedule H – Co-debtors (if applicable)

Schedule I − Current Income of Individual Debtor

Schedule J − Current Expenditures of Individual Debtors

Form 7 − Statement of Financial Affairs

Form 22A − Statement of Current Monthly Income and Means Test Calculation

See Doc #9, this Court's file, filed and entered July 8, 2015. The Court signed another order on July 7, 2015, wherein it denied Mr. Everett's petition for a fee waiver, and ordered Mr. Everett to pay the filing fee in installments, with the first installment commencing on July 21, 2015. See Doc #10, this Court's file, filed and entered July 9, 2015. Mr. Everett then failed to file any documents in response to this Court's order, and failed to pay the first installment of the filing fee, and this Court issued an order dismissing the case. See Doc #14, filed and entered July 24, 2015.

Mr. Everett's previous history of abuse of the bankruptcy system as found by the Bankruptcy Court in the Western District of Washington, and the fact that the Chapter 7 Petition

in the instant case was filed in violation of that court order, when coupled with his wholesale failure to file supporting documents for the Chapter 7 Petition in this case and his failure to comply with this Court's orders to file supporting documentations and pay fee installments are more than sufficient evidence of his willful violation of the Western District of Washington Bankruptcy Court's order prohibiting him from filing any bankruptcy petitions for two years.

There was, therefore, no automatic stay, because Mr. Everett's Chapter 7 Petition was in willful violation of a court order and Mr. Everett was therefore ineligible for relief under the Bankruptcy Code. 11 U.S.C. § 109(g)(1); *Stanley*, 231 B.R. at 348.

### III. CONCLUSION

For each of the foregoing reasons, the State Bar respectfully requests that the Court deny the motion for sanctions as there was no violation of the automatic stay.

Dated: December 21, 2016      OFFICE OF THE GENERAL COUNSEL

By:   /s/ Danielle Lee
       Danielle Lee

Attorneys for Creditor
THE STATE BAR OF CALIFORNIA

# CERTIFICATE OF SERVICE BY MAIL

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On December 21, 2016, following ordinary business practice, I filed via the United States Bankruptcy Court for the Northern District of California, electronic case filing system, the following:

THE STATE BAR OF CALIFORNIA OPPOSITION TO MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

I served a copy of the foregoing by placing same in an envelope in the U.S. Mail at San Francisco, California, on December, 2016. Said envelopes were addressed as follows:

| | |
|---|---|
| Daniel Everett<br>5609 Silver Creek Valley Road<br>San Jose CA 95138 | Mohamed Poonja, Trustee<br>P.O. Box 1510<br>Los Altos CA 94023-1510 |
| United States Trustee<br>Office of the U.S. Trustee/SJ<br>U.S. Federal Building<br>280 South 1st Street, Suite 268<br>San Jose CA 95113-3004 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on December 21, 2016.

/s/ Joan Randolph
Joan Randolph

CERTIFICATE OF SERVICE  Case No. 15-bk-52904 - HLB