

The following constitutes the order of the Court.
Signed: February 6, 2019

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

Daniel Everett

            Debtor(s).

Case No. 15-52214 MEH

Chapter 7

## ORDER DENYING MOTION FOR STAY VIOLATION

    Daniel Everett filed this chapter 7 bankruptcy case on July 6, 2015. Sixteen days later the case was dismissed due to Everett's failure to comply with an order requiring him to file required documents, including the Schedules and Statement of Financial Affairs.

    On November 13, 2018, Everett filed this motion (the "Motion") (Dkt# 32) seeking relief against the State Bar of California (the "State Bar"). The Motion was set for hearing on December 20, 2018. The day before that hearing, Everett continued the Motion to January 31, 2019.[1] On January 31, 2019, Everett filed a request to take the Motion off calendar and requested that it be re-calendared. At the January 31st hearing, I took the matter off calendar to be decided on the pleadings, along with a motion to reopen the underlying chapter 7 case.[2]

---

[1] Dkt. # 37.
[2] Dkt. # 36.

1

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

Everett seeks relief against the State Bar "for damages and a voiding of orders issued in violation of the automatic stay."[3] The Motion seeks relief pursuant to 11 U.S.C. § 362(k).[4] Everett states that "The gravamen of the motion is that Creditor, took administrative action to interfere with debtor's bar license after being informed that debtor had filed for bankruptcy."[5] The State Bar asserts that its actions did not violate the automatic stay as Everett was prohibited by prior court order from filing a bankruptcy case on July 6, 2015, and that the State Bar's actions are excepted from the automatic stay pursuant to § 362(b)(4).

I need not address the merits of these positions because Everett's Motion is premised on an incorrect assumption – that the automatic stay arose upon his filing of this bankruptcy case. Section 362(c)(4) provides that if a case is filed by an individual debtor, and if 2 or more cases of the debtor within the previous year were dismissed, the automatic stay *shall not go into effect upon the filing of the later case.* Everett had 2 cases pending within the year prior to July 6, 2015:

- Case No. 14-43328, ND of California, filed August 12, 2014, dismissed August 22, 2014.
- Case No. 14-18854, WD of Washington, filed December 5, 2014, dismissed January 21, 2015, with a two year bar to refiling.

As such, no stay was created by the filing of this case, and therefore, no violation of the automatic stay could have occurred. Accordingly, Everett's Motion is DENIED WITH PREJUDICE and the hearing notice for March 28, 2019 is vacated.

**END OF ORDER**

---

[3] Dkt. # 32, p. 1.
[4] The Motion erroneously refers to Section 362(h).
[5] Dkt. # 32, p. 3.

# COURT SERVICE LIST

**Daniel Everett**
5609 Silver Creek Valley Rd.
San Jose, CA 95138

**Via ECF:**
All ECF Recipients

3